IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CT-674-FL

| | |
|---|---|
| GERARD VALMORE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HARLEY LAPPIN, et.al., ) | |
| ) | |
| Defendants. ) | |

This matter came before the court on the motion for summary judgment (DE # 52) pursuant to Federal Rule of Civil Procedure 56 of defendant Dr. Sampson E. Harrell, M.D. (hereinafter "defendant"). The matter is ripe for adjudication. For the following reasons, the court grants defendant's motion.

## STATEMENT OF THE CASE

On September 14, 2005, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff brought this action against defendant, along with the Director of the Bureau of Prisons, Harley Lappin (hereinafter "defendant Lappin"), Jeffrey Derry (hereinafter "defendant Derry"), and Warden Patricia Stansberry (hereinafter "defendant Stansberry"). In his complaint, plaintiff alleged that defendants provided him inadequate medical care in violation of the Eighth Amendment of the United States Constitution. In particular, plaintiff alleges that defendants failed to timely diagnosis and treat the pneumonia he contracted in the last two weeks of June 2003.

On November 15, 2005, this court conducted a frivolity review and dismissed plaintiff's claim against defendants Lappin and Stansberry because they were based solely on their respective supervisory roles, rather than on their personal participation in the alleged constitutional violation. The court allowed plaintiff to proceed against defendants Derry and Harrell. Following the court's frivolity review, the United States Marshal was directed to serve defendants Derry and Harrell on plaintiff's behalf. Plaintiff obtained service on defendant Derry on January 6, 2006. Plaintiff did not obtain service on defendant Harrell until February 14, 2006.

On February 17, 2006, defendant Derry filed a motion for summary judgment arguing that he is entitled to immunity under 42 U.S.C. § 233(a). Alternatively, he argued that he did not violate plaintiff's constitutional rights. Finally, defendant Derry argued that he is entitled to qualified immunity. Plaintiff did not respond to defendant Derry's motion. However, plaintiff did file a motion for sanctions, arguing that defendant Derry and his attorney violated plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996). Defendant Derry filed a response to plaintiff's motion on March 23, 2006, and plaintiff filed a reply. On August 15, 2006, the court granted defendant Derry's motion for summary judgment, and denied plaintiff's motion for sanctions.

On September 20, 2006, this court entered an order directing the United States Attorney to show cause as to why it should not represent defendant Harrell. The United States Attorney thereafter filed a response to the court's order to show cause. On December 15, 2006, defendant Harrell filed a motion to dismiss, an answer, and a motion to compel.

2

On December 18, 2006, the court entered an order finding that the United States Attorney was not required to represent defendant Harrell in this matter. The court in its order noted that defendant Harrell had retained counsel.

On January 5, 2007, plaintiff filed a response to defendant Harrell's motion to dismiss. On May 29, 2007, the court entered an order denying defendant Harrell's motion to dismiss, but granting his motion to compel.

On November 16, 2007, defendant Harrell filed a motion for summary judgment, arguing that plaintiff's claims are without merit. Alternatively, defendant Harrell argues that he is entitled to qualified immunity. Plaintiff filed a response on December 3, 2007.

## STATEMENT OF THE FACTS

The undisputed facts are as follows. On April 29, 2003, plaintiff was transferred from the Federal Medical Center in Lexington, Kentucky to the Federal Prison Camp in Butner, North Carolina (hereinafter "Butner"). (Mem. in Supp. of Def.'s Mot. for Summ. J., Derry Aff. ¶ 6.) At Butner, Nurse Practitioner defendant Derry was assigned to provide medical care to plaintiff.[1] (Id.)

Plaintiff's medical records indicate that he placed a sick call request on June 27, 2003, complaining that he was experiencing pain on the right side of his chest the previous night. (Id., Derry Aff. ¶ 9; Attachment 4.) Defendant Derry saw plaintiff that day, and ordered an electrocardiogram. (Id.) The electrocardiogram results were normal, and defendant Derry determined that plaintiff's discomfort was related to an acute exacerbation of his chronic bronchitis.

---

[1] During the relevant time period, defendant Derry was assigned to provide medical care at the Federal Prison Camp at Butner. (Id., Derry Aff. ¶ 2.) As a Nurse Practitioner, defendant Derry was responsible for the diagnosis and treatment of inmates at Butner. (Id., Derry Aff. ¶ 3.)

3

(Id.) In accordance with this diagnosis, defendant Derry prescribed plaintiff an antibiotic, excused him from work for the day, and counseled him to rest and follow-up as needed. (Id.)

On June 30, 2003, plaintiff returned to the clinic, complaining that his pain persisted and that it had kept him awake the previous night. (Id., Derry Aff. ¶ 10.) Defendant Derry then referred plaintiff to defendant Harrell,[2] who saw plaintiff the following day. (Id.) Plaintiff's medical records indicate that defendant Harrell attributed plaintiff's complaints to his preexisting chronic obstructive pulmonary disease (hereinafter "COPD"). (Id., Derry Aff.; Attachment 4.) Defendant Harrell ordered lab tests and prescribed a pain reliever. (Id.)

Plaintiff returned to the clinic on July 7, 2003 and was seen by defendant Derry. (Id., Derry Aff. ¶ 12.) Plaintiff complained that his chest continued to bother him. (Id.) Defendant Derry ordered a chest x-ray, the results of which showed that plaintiff had pneumonia in his lower right lung. (Id., Derry Aff. ¶¶ 12-13; Attachment 5.) A physician prescribed plaintiff antibiotics. (Id., Derry Aff. ¶ 13; Attachment 4.)

Plaintiff had a follow-up visit with defendant Derry on July 14, 2003. (Id.) Defendant Derry noted that plaintiff's condition had improved and ordered a follow-up x-ray. (Id.) The x-ray was taken on July 31, 2003 and revealed that plaintiff's pneumonia had resolved. (Id.)

DISCUSSION

I.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

---

[2] Defendant Harrell was an independent contractor for Butner.

4

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

II. Analysis

Defendant asserts the defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which [a] reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995). This immunity "protects law enforcement officials from 'bad guesses in gray areas' and ensures that they are liable only 'for transgressing bright lines.' " Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992)). Immunity applies to "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Government officials performing a discretionary function are immune from civil damages unless: (i) the official's conduct violates a federal statutory or constitutional right; (ii) the right was clearly established at the time of the conduct; and (iii) an objectively reasonable officer would have understood that the conduct violated that right. Milstead v. Kibler, 243 F.3d 157, 161 (4th Cir. 1991) (citing Wilson v. Layne, 526 U.S. 603, 614-15 (1999)).

5

In analyzing qualified immunity, the first step is to determine whether defendants violated a federal statutory or constitutional right. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming without deciding that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, his claim still fails because he is not able to establish the second prong–that defendant Harrell acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Allegations of negligence are not sufficient to state a deliberate indifference claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir. 1977).

Plaintiff's deliberate indifference claim against defendant Harrell is based on his allegations that defendant Harrell failed to diagnose his pneumonia for three weeks and then failed to treat it for an additional four to five days. Plaintiff's medical records, however, do not support plaintiff's allegations. Rather, the records indicate that plaintiff was immediately seen by defendant Derry when he complained about chest pains. (Mem. in Supp. of Def.'s Mot. for Summ. J., Derry Aff. ¶ 10.) Defendant Derry referred plaintiff to defendant Harrell, who saw plaintiff the next day. (Id.) Defendant Harrell ordered lab tests, and attributed plaintiff's symptoms to COPD. (Id., Derry Aff. Ex. 4.) The record further demonstrates that plaintiff again complained about his chest pain six days after his appointment with defendant Harrell, and that defendant Derry and another physician diagnosed plaintiff with pneumonia and treated his condition. (Id., Derry Aff. ¶¶ 12-14.) These facts do not support the conclusion that defendant Harrell acted with deliberate indifference. Instead, the record reflects that plaintiff was continuously seen by medical personnel at his request and that he was successfully treated for his condition.

To the extent plaintiff alleges that defendant Harrell's initial diagnosis of COPD instead of pneumonia constituted deliberate indifference, plaintiff's claim is without merit. There is no evidence in the record demonstrating that defendant Harrell knew of and disregarded plaintiff's pneumonia. Instead, the record reflects that defendant Harrell saw plaintiff in a timely manner and ran labs to assist in his diagnosis. Accordingly, there is no evidence that defendant Harrell acted with deliberate indifference in diagnosing plaintiff. At most, the allegations against defendant Harrell could be construed as negligence. As stated, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-06. Therefore, plaintiff has not established that defendant Harrell's treatment of plaintiff violated the subjective prong of the

Eighth Amendment test. Because plaintiff is unable to establish subjective prongs of the Eighth Amendment deliberate indifference test, he is not able to establish a constitutional violation. Therefore, he is entitled to qualified immunity.

CONCLUSION

For the foregoing reasons, defendant Harrell's motion for summary judgment (DE # 52) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 30th day of May, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

8